**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| BRENT J. GRIFFITH, INDIVIDUALLY ) <br> AND ON BEHALF OF ALL OTHERS ) <br> SIMILARLY SITUATED, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STATE FARM FIRE AND CASUALTY ) <br> COMPANY, ) <br> ) <br> Defendant. ) <br> ) | No. 2:12-cv-00239-DCN <br><br> **ORDER** |

This matter is before the court on defendant's motion to dismiss the complaint. For the reasons set forth below, the court grants defendant's motion.

## I. BACKGROUND

Plaintiff Brent J. Griffith (Griffith) filed this action in the Court of Common Pleas for the Ninth Judicial Circuit on December 22, 2011. On January 26, 2012, defendant State Farm Fire and Casualty Company (State Farm) filed a notice of removal in federal court, asserting jurisdiction based on diversity of citizenship and under the Class Action Fairness Act. On February 15, 2012, State Farm filed a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim.

In his complaint, Griffith alleges as follows: On May 11, 2008, Griffith's home on Wadmalaw Island, South Carolina suffered wind damage. Compl. ¶¶ 1, 5, 7. The home was insured against such damage by State Farm. Id. ¶ 6. Griffith filed a claim but the parties disagreed on the cost of repairs. Id. ¶ 7. Ultimately, on May 10, 2010, State

1

Farm paid Griffith $311,171.00 for his loss. Id. ¶ 11. Griffith then sought interest on his claim, which State Farm refused to pay. Id. ¶¶ 15.

Griffith's essential theory of liability is that his claim was a liquidated sum at the time of the loss that began to accrue interest on that date based on State Farm's failure to pay his claim within sixty days of his submission of a proof of loss. Id. ¶¶ 10, 12-14, 18. He brings this action individually and as a class action on behalf of

> all persons in the State of South Carolina whose home is insured by Defendant and who submitted a claim for a covered property loss to Defendant and to whom Defendant failed to make payment for that loss within sixty days of the claim submission and to whom Defendant failed to pay interest on the loss amount when it ultimately paid the loss (the "Plaintiff Class").

Id. ¶ 18. Griffith alleges that State Farm has a policy, practice, or pattern of delaying payments and refusing to pay interest. Id. ¶¶ 16-17. Griffith specifically asserts causes of action for breach of contract, breach of contract accompanied by a fraudulent act, unjust enrichment and quantum meruit, bad faith refusal to pay, and declaratory judgment.

## II.  MOTION TO DISMISS STANDARD

The Federal Rules of Civil Procedure govern civil actions that are removed from a state court. See Fed. R. Civ. P. 81(c)(1). Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011).

On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The Supreme Court recently articulated a "two-pronged approach" to assessing the sufficiency of a complaint. See id. First, a complaint must contain factual allegations in addition to legal conclusions. Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Second, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "Facts pled that are 'merely consistent with' liability are not sufficient." A Soc'y Without a Name v. Virginia, 655 F.3d 342, 346 (4th Cir. 2011) (quoting Iqbal, 556 U.S. at 678).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. Thus, the court need not accept as true "legal conclusions drawn from the facts," "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). Ultimately, the court's task is not mechanical but "context-specific," requiring "the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

## III.   DISCUSSION

The gravamen of Griffith's complaint is that State Farm owes interest on his claim for property damage accruing from the date of the loss.  Griffith alleges that State Farm failed to pay his claim within sixty days of the date he filed the claim, which he contends amounts to a "breach" giving rise to an obligation to pay interest.  But for there to be a breach, there must first be a duty or agreement, and Griffith's theory relies on the assumption that State Farm owes a duty to pay every covered claim within sixty days of the submission of the claim.  To evince such a duty, Griffith looks to the South Carolina legal rate of interest statute and South Carolina case law.

State Farm responds that the insurance policy is silent as to payment of interest and that South Carolina law does not impose a duty on homeowners insurance companies to pay claims within sixty days; nor does it require homeowners insurers to pay interest from the date of loss when the claim is not paid within sixty days.  State Farm submits that if no such duties exist, each of Griffith's claims fail as a matter of law.[1]

---

[1] Griffith brings claims for breach of contract, breach of contract accompanied by a fraudulent act, unjust enrichment and quantum meruit, bad faith refusal to pay, and declaratory judgment. State Farm is correct in pointing out that each of Griffith's causes of action presuppose a breach for failure to pay *interest*, not for refusal to pay Griffith's underlying claim for property damage (which Griffith concedes was paid by State Farm).  For example, Griffith's cause of action for "bad faith refusal to pay" rests on a claim that the "*failure to pay interest* resulted from Defendant's bad faith or unreasonable action in breach of an implied covenant of good faith and fair dealing."  Compl. ¶ 59 (emphasis added).  That is, the complaint does not appear to allege that State Farm's delay in payment itself is the reason for its purported breach of the duty of good faith and fair dealing; rather, it is the failure to pay *interest* that allegedly caused the breach.  See Def.'s Mem. Supp. 4 ("The Complaint alleges five causes of action, a fundamental premise of each is that State Farm has a legal duty to pay interest on claims not paid in full within 60 days."). It is true that under South Carolina law, an insurer must diligently and in good faith investigate, evaluate, and settle claims.  See Royal Ins. Co. of Am. v. Reliance Ins. Co., 140 F. Supp. 2d 609, 617 (D.S.C. 2001).   Still, the crux of each of Griffith's claims is that State Farm breached its obligations by failing to pay interest on a covered claim.

4

A.  **The Insurance Policy**

The natural starting point is the plain language of the policy.  See Andy Warhol Found. for Visual Arts, Inc. v. Fed. Ins. Co., 189 F.3d 208, 215 (2d Cir. 1999) ("We start our analysis with the premise that an insurance policy, like any contract, must be construed to effectuate the intent of the parties as derived from the plain meaning of the policy's terms.").  "Courts interpret insurance policy language in accordance with its plain, ordinary, and popular meaning . . . ."  M & M Corp. of S.C. v. Auto-Owners Ins. Co., 701 S.E.2d 33, 35 (S.C. 2010).

Here, Griffith concedes that the insurance policy is silent as to payment of interest.  Section I, Paragraph 8 of the insurance policy, entitled "CONDITIONS," is relevant to the issue of whether State Farm owes a duty to pay a claim within sixty days of its submission.  This provision states:

> **Loss Payment**.  We will adjust all losses with you.  We will pay you unless some other person is named in the policy or is legally entitled to receive payment.  Loss will be payable 60 days after we receive your proof of loss *and*:
>     a.  reach agreement with you;
>     b.  there is an entry of a final judgment; or
>     c.  there is a filing of an appraisal award with us.

Def.'s Mot. Dismiss Ex. 2 at 25 (emphasis added).  This provision establishes three, and only three, conditions precedent for State Farm to be required to pay a claim within sixty days of the submission of a proof of loss.  The parties agree that none of the three conditions was met at the time Griffith submitted his claim; therefore, under the plain language of the policy, State Farm was neither obligated to make payment on Griffith's claim within sixty days nor to pay interest from the date of loss.

When the language of a contract is clear and unambiguous, courts are bound to interpret the existing contract language and are not authorized to make a new contract for the parties.  See B.L.G. Enters., Inc. v. First Fin. Ins. Co., 491 S.E.2d 695, 697 (S.C. Ct. App. 1997).  Within certain statutory parameters, insurers and insureds have the freedom to contract for the terms they want in a policy.  See id. at 698 n.2.  This court is limited to interpreting the contract to which both parties agreed, "regardless of its wisdom or folly, apparent unreasonableness, or failure to guard their rights carefully."  C.A.N. Enters., Inc. v. S.C. Health & Human Serv. Fin. Comm'n, 373 S.E.2d 584, 586 (S.C. 1988).  As a matter of law, the four corners of the policy do not support a theory of liability in which relief may be granted in favor of Griffith.  See, e.g., Roche v. Liberty Mut. Managed Care, Inc., No. 07-331, 2008 WL 4378432, at *2 (S.D. Ill. Sept. 23, 2008) ("Only a duty imposed by the terms of a contract can give rise to a breach.").  Therefore, absent a legal duty imposed by South Carolina law, Griffith's claims must be dismissed.

### B.     South Carolina Legal Rate of Interest Statute

To overcome the silence regarding payment of interest in the insurance policy, Griffith relies on South Carolina Code Ann. § 34-31-20(A) as providing the purported duty to pay interest on covered claims not paid within sixty days of a proof of loss.  This statute, entitled "Legal rate of interest,"[2] provides:

> In all cases of accounts stated and in all cases wherein any sum or sums of money shall be ascertained and, being due, shall draw interest according to law, the legal interest shall be at the rate of eight and three-fourths percent per annum.

---

[2] While the statute is entitled "Legal rate of interest," South Carolina courts have referred to § 34-31-20(A) as authorizing an award of "prejudgment interest."  See Austin v. Stokes-Craven Holding Corp., 691 S.E.2d 135, 154 (S.C. 2010); QHG of Lake City, Inc. v. McCutcheon, 600 S.E.2d 105, 110 (S.C. Ct. App. 2004) ("Section 34-31-20(A) of the South Carolina Code of Laws provides the statutory basis for prejudgment interest.").

S.C. Code Ann. § 34-31-20(A).  Courts have construed § 34-31-20(A) as permitting an award of interest when a monetary obligation is a "sum certain" or "capable of being reduced to certainty," "accruing from the time a payment may be demanded either by the agreement of the parties or the operation of law."  <u>Austin v. Stokes-Craven Holding Corp.</u>, 691 S.E.2d 135, 154 (S.C. 2010); <u>see also</u> <u>Historic Charleston Holdings, LLC v. Mallon, LLC</u>, 673 S.E.2d 448, 457 (S.C. 2009) (same).

Griffith alleges that at the time his property was damaged, the obligation owed by State Farm to him was a sum certain.  Compl. ¶¶ 13-14.  Even though Griffith admits that the amount of his claim was in dispute, he asserts that the amount was capable of being reduced to certainty because "the measure of recovery was fixed by conditions existing at the time of the loss."  <u>Id.</u> ¶ 12.  He likens State Farm's position as an insurer to that of a debtor, whereby at the date of the loss, State Farm's obligation to pay a "debt" arose and the money no longer belonged to State Farm, regardless of the time it took the parties to determine the exact amount owed to Griffith.[3]

Section 34-31-20(A) does not support the imposition of a comprehensive duty on homeowners insurers in South Carolina to pay interest on covered losses within sixty days or to pay interest from the date of loss for breach of that purported duty.  In <u>Jacobs v. American Mutual Fire Insurance Co. of Charleston</u>, 340 S.E.2d 142 (S.C. 1986), relied on by Griffith, the South Carolina Supreme Court stated that interest is owed under § 34-31-20(A) in cases involving property damage or loss when a party "fails to perform a duty."  <u>Id.</u> at 143.  The court reasoned that interest is owed because the breaching party is

---

[3] This argument would seem to presume that State Farm was obligated to pay Griffith on the date of *loss*, rather than sixty days thereafter as Griffith alleges in his complaint.  In this regard, Griffith's position is somewhat unclear and has become a "moving target," as noted by State Farm.

7

bound to "make good all damages that accrue naturally from a breach, and a party who has had the use of money owed to another may justly be required to pay interest from the time the payment should have originally been made." Id. Thus, to impose on State Farm a duty to pay interest, the court would first have to find that State Farm breached some sort of underlying it duty owed to Griffith.

To determine whether there was a breach, courts look to the insurance contract, but Griffith concedes that State Farm did not breach the "Loss Payment" provision of the policy. Therefore, Griffith's argument under § 34-31-20(A) leaves the court where it started—in search of a basis for the purported duty that State Farm pay interest on covered claims that were not satisfied within sixty days of claim submission. When a plaintiff cannot establish a legal duty owed to it under South Carolina law, the claim is properly subject to dismissal. See Sanders v. Norfolk S. Ry. Co., No. 10-1189, 2010 WL 4386881, at *2 (4th Cir. Nov. 5, 2010).

Griffith ignores the absence of a legal duty to pay interest and instead maintains that the "real question" is "whether and how that interest is calculated." He alleges that under the statute, his loss was a sum certain when it occurred and became demandable either at the time of loss or sixty days after submission of his claim. While "prejudgment interest is not appropriate when a plaintiff seeks to recover unliquidated damages," Liberty Mut. Ins. Co. v. Emp. Res. Mgmt., Inc., 176 F. Supp. 2d 510, 540-41 (D.S.C. 2001), a "claim is liquidated if the sum claimed is certain or capable of being reduced to a certainty." Dixie Bell, Inc. v. Redd, 656 S.E.2d 765, 769 (S.C. 2007). "The fact that the amount due is disputed does not render the claim unliquidated for purposes of awarding prejudgment interest." Historic Charleston, 673 S.E.2d at 457. "Rather, the proper test is

whether or not the measure of recovery, not necessarily the amount of damages, is fixed by conditions existing at the time the claim arose." Id. (internal quotation marks omitted).

Griffith relies on Brooklyn Bridge, Inc. v. South Carolina Insurance Co., 420 S.E.2d 511 (S.C. Ct. App. 1992), for the proposition that South Carolina law allows prejudgment interest on obligations to pay money even where the amount owed is in dispute. In Brooklyn Bridge, the insurer appealed a trial judge's award of prejudgment interest to the insured following a jury verdict against the insurer for failure to pay. The insurer argued that the lower court erred because the parties did not agree on an amount. The South Carolina Court of Appeals affirmed, holding that prejudgment interest is payable "even if the parties do not agree on the amount of the obligation," when "the evidence shows the sum due under the policy was capable of being reduced to certainty." Id. at 513. Interest was therefore properly awarded from the date of denial of coverage, the court held.

Brooklyn Bridge is distinguishable from the present case because, first, there is no allegation that State Farm refused to pay Griffith's claim and, second, there has been no judgment against State Farm. For many years, insurance cases involving prejudgment interest have involved an underlying claim for damages based on the insurer's breach of the insurance policy for failure to pay proceeds. See, e.g., Heffron v. Jersey Ins. Co. of N.Y., 144 F. Supp. 5, 13 (D.S.C. 1956) (emphasis added) (holding insured was "entitled to interest on the amount due from the date of defendant's refusal to pay the claim, *on the ground that this refusal constituted a breach of contract*, and that it is a proper element of his damages that he be compensated for the money and the use of the money to which he

9

was entitled under his contract on that date"). Here, each of Griffith's causes of action is founded on the premise that State Farm is in breach for the failure to pay interest alone. Moreover, interest under § 34-31-20(A) is generally awarded after an insured first secures a *judgment* against her insurer for refusal to pay insurance proceeds. See Rutledge v. St. Paul Fire & Marine Ins. Co., 334 S.E.2d 131, 139 (S.C. Ct. App. 1985) (vacating an award of prejudgment interest when there was no longer a judgment).

Griffith frames State Farm's position as that it should never be required to pay prejudgment interest, even when a judgment is entered against it. State Farm correctly denies this allegation as a "straw man," recognizing that *if* it improperly denies a claim and therefore breaches the contract, it can be held liable for prejudgment interest as an element of damages. For example, if under the "Loss Payment" clause State Farm failed to pay for a loss within sixty days of a final judgment or appraisal award, then an insured could receive interest on its judgment against State Farm.

In finding that § 34-31-20(A) does not provide Griffith with a plausible claim for relief, the court is also persuaded by the fact that there are no provisions in the South Carolina Insurance Code that obligate homeowners insurers to pay claims within sixty days, whereas the South Carolina Legislature has specifically imposed a requirement that life insurance claims be paid within thirty days of the proper submission of a claim. The failure to pay such a claim entitles the insured to interest on the sum owed under the policy. See S.C. Code Ann. § 38-63-220(f).[4] The legislature could have similarly

---

[4] S.C. Code Ann. § 38-63-220(f) provides:

> When a policy provides for payment of its proceeds in a lump sum upon the death of the insured and the insurer fails to pay the proceeds within thirty days of submission of proof of death . . ., the payment must include interest at the legal

mandated that homeowners insurers pay proceeds within thirty (or sixty) days of submission of a proof of loss, and that the failure to pay renders an insurer liable for interest from the date of loss. However, the legislature has not imposed such a requirement, which evidences legislative intent. It is for the legislature, not this court, to levy this obligation on homeowners insurers.

### C.     South Carolina Case Law

Finally, Griffith relies on a series of cases applying South Carolina law—Flynn, Varnadore, Jacobs, and Shadow Creek—to support his theory that if a covered claim under a homeowners insurance policy is not paid within a sixty days, the insurer owes interest from the date of loss.

In Flynn v. Nationwide Mutual Insurance Co., 315 S.E.2d 817 (S.C. Ct. App. 1984), and Jacobs v. American Mutual Fire Insurance Co. of Charleston, 340 S.E.2d 142 (S.C. 1986), an insured received a jury verdict against the insurer for failure to pay insurance proceeds. The trial court then awarded prejudgment interest—in Flynn, the Court of Appeals affirmed an award of interest from the date of loss, while in Jacobs, the Supreme Court affirmed an award of interest from sixty days after the loss. Later, in Varnadore v. Nationwide Mutual Insurance Co., 345 S.E.2d 711 (S.C. 1986), the Supreme Court relied on Flynn in upholding a trial court's award of interest from the date of loss on a verdict against the insurer for bad faith refusal to pay.

In each of these cases, the insured received a jury verdict against the insurer before receiving an award of interest from the trial court. Reviewing these decisions, the Fourth Circuit in Shadow Creek Apartments, L.L.C. v. Hartford Fire Insurance Co., Nos.

---

rate of interest from the date of death of the insured until the date the claim is paid.

01-2212, 01-2251, 2002 WL 1932358 (4th Cir. Aug. 22, 2002), summarized the rule in South Carolina as follows: "[P]rejudgment interest for an award of insurance coverage is computed from the date of the loss, absent contractual language to the contrary." Id. at *5. The court relied on Flynn, which it found to hold that "when the insurance company *denies a claim and must be sued before it will pay*, the court will compute interest starting on the date of loss." Id. (emphasis added). Yet again, in Shadow Creek, the insurer refused to pay a claim submitted by its insured and a jury returned a verdict for the insured.

The above cases are immediately distinguishable because they all involve a judgment against an insurer for refusal to pay under a policy. Here, there is no underlying allegation that State Farm breached its obligations to Griffith by failing to pay benefits when due under the policy. Therefore, these cases cannot support the imposition of a rigid duty on State Farm to pay prejudgment interest from the date of loss on each claim that it fails to pay within sixty days. See Edens v. S.C. Farm Bureau Mut. Ins. Co., 343 S.E.2d 49, 50 (S.C. Ct. App. 1986) ("[T]he allowance of prejudgment interest is a matter of discretion.").

### D.     Summary

Griffith fails to state a plausible claim for relief because he cannot point to a source of State Farm's alleged duty to pay claims within sixty days or to pay interest from the date of loss. Neither the insurance contract nor the applicable statutes or case law confer such duties on State Farm. The court is not required to give Griffith's assertions of a legal duty, which are legal conclusions, "the assumption of truth." Iqbal,

556 U.S. at 680. Therefore, even taking the factual allegations in Griffith's complaint as true, the court holds that Griffith fails to state a claim upon which relief can be granted.

## IV.  CONCLUSION

Based on the foregoing, the court **GRANTS** defendant's motion to dismiss. Defendant has additionally filed a motion to stay discovery, which the court **FINDS AS MOOT**.

**AND IT IS SO ORDERED**.

*[signature]*

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 6, 2012**
**Charleston, South Carolina**

13